IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THANH NGOC NGUYEN,  Petitioner, | ) ) ) |
| v. | ) CIVIL ACTION NO. 12-00380-KD-B ) ) CRIMINAL ACTION NO. 09-00184-KD-B |
| UNITED STATES OF AMERICA,  Respondent. | ) ) ) |

## ORDER

This action is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("the Petition") (Doc. 508[1]) filed by Petitioner Thanh Ngoc Nguyen ("Nguyen"), a federal prisoner proceeding *pro se*;[2] the Government's Response in opposition (Doc. 510); and Nguyen's Reply (Doc. 511) to the Response.[3] Upon consideration, the Court finds that the Petition is

---

[1] All docket citations refer to the docket of the criminal action.

[2] The Court abides by the Eleventh Circuit's directive that "courts should construe a habeas petition filed pro se more liberally than one drawn up by an attorney." E.g., Gunn v. Newsome, 881 F.2d 949, 961 (11th Cir. 1989).

[3] After the Petition was taken under consideration, Nguyen filed a motion for leave to amend his § 2255 petition (Doc. 513). Subsequently, and without leave of the Court, Nguyen filed an amended § 2255 petition (Doc. 514).
  "Under Rule 12 of the Rules Governing § 2255 Proceedings, a district court may apply the Federal Rules of Civil Procedure in a lawful manner consistent with the Rules Governing § 2255 Proceedings. Rule 15(a) permits a party to amend a pleading once 'as a matter of course at any time before a responsive pleading is served,' or, otherwise, 'only by leave of court or by written consent of the adverse party.' " Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003) (per curiam). See also Mayle v. Felix, 545 U.S. 644, 655 (2005) ("The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with 'leave of court' any time during a proceeding. See Fed. Rule Civ. Proc. 15(a). Before a responsive pleading is served, pleadings may be amended once as a 'matter of course,' *i.e.*, without seeking court leave.").
  Nguyen filed his amended petition (Doc. 514) more than 21 days after the Government served its response to his initial Petition, and he did not obtain the Government's written consent to do so. Accordingly, Nguyen was required to obtain leave of the Court before filing his amended petition.

> When amendment is not permitted as of right, "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); see also Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003) (per curiam) (applying Rule 15(a) in the context of § 2255). A court must give a reason for denial of a motion to amend absent "any apparent or declared

due to be **DENIED**, that this action is due to be **DISMISSED with prejudice**, and that Nguyen is not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.[4]

I. Analysis

a. Petition Claims

Nguyen, who pled guilty in his criminal action, claims that his trial counsel was ineffective at the sentencing phase because counsel withdrew two objections to the Presentence Investigation Report. Upon review, the Court finds that the objections were meritless and that Nguyen's counsel was therefore not ineffective for withdrawing them. See, e.g., Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) ("Counsel was not ineffective for failing to raise these issues because they clearly lack merit."). In his Plea Agreement with the Government (Doc. 319), Nguyen agreed to all the facts supporting those portions of the Presentence Investigation Report to which the withdrawn objections were directed. The Government's response (Doc. 510) sets forth more detailed reasoning

---

reason—such as such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); see also id. (noting that the mandate to freely grant motions to amend "is to be heeded"). "[O]utright refusal to grant the leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Id. . . .

Bellefleur v. United States, 489 F. App'x 323, 324 (11th Cir. 2012) (per curiam). A review of the motion to amend (Doc. 513) and amended petition (Doc. 154) indicate that Nguyen sought only to add a claim that the Court lacked subject matter jurisdiction to accept and enforce Nguyen's guilty plea. Upon consideration, the Court finds that this claim is clearly meritless and Nguyen's amendment of his petition would thus be futile. Therefore, it is **ORDERED** that Nguyen's amended petition (Doc. 514) is **STRICKEN** for failure to comply with Federal Rule of Civil Procedure 15(a) and that his motion for leave to amend his § 2255 petition (Doc. 513) is **DENIED**.

[4] As "the motion and the files and records of the case conclusively show that [Nguyen] is entitled to no relief," 28 U.S.C. § 2255(b), the Court finds that an evidentiary hearing is not warranted under § 2254(b) and Rule 8 of the Federal Rules Governing Section 2255 Cases in the United States District Courts.

regarding this determination, which the Court **ADOPTS** as its own.[5] Therefore, the Court finds that Nguyen's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 508) is due to be **DENIED** and this action **DISMISSED with prejudice**.

### b. Certificate of Appealability

Pursuant to Rule 11(a) of the Federal Rules Governing § 2255 Proceedings, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). "[A] COA does not require a showing that the appeal will succeed." Miller-El v. Cockrell, 537 U.S. 322, 337 (2003). Rather, "[a] prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part. [The Court] do[es] not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 338 (internal citation and quotations omitted). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner

---

[5] A district court may incorporate a party's arguments to serve as its explanation for its ruling, so long as those arguments, in conjunction with the record, provide the Court of Appeals an opportunity to engage in meaningful review. See United States v. Valencia-Trujillo, 462 F. App'x 894, 897 (11th Cir. 2012) ("District court orders 'should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review.' Danley v. Allen, 480 F.3d 1090, 1090, 1091 (11th Cir. 2007). That principle, however, does not prohibit a district court from incorporating a party's arguments as the basis and explanation for its ruling. Valencia–Trujillo's motion and the government's response, as well as the exhibits and attachments submitted to the district court, provide a sufficient basis for our review of the merits in this case."); 11th Cir. R. 36-2 (effective Dec. 1, 2013) ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). The Court finds that the Government's Response (Doc. 510) is quite sufficient in this regard.

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Upon consideration, the Court finds that no reasonable jurist would find its assessment of the constitutional claims presented debatable or wrong. Accordingly, Nguyen is not entitled to a Certificate of Appealability in this action.

  c. **Appeal *in forma pauperis***

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). See also Weaver v. Patterson, Civ. A. No. 11-00152-WS-N, 2012 WL 2568218, at *7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), report and recommendation adopted, Civ. A. No. 11-00152-WS-N, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); see Fed. R. App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); DeSantis v. United Techs, Corp., 15 F. Supp. 2d 1285, 1288–89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' Carroll v. Gross, 984 F.2d 392,

393 (11th Cir. 1993).")."). But see, e.g., United States v. McCray, No. 4:07CR20-RH, 2012 WL 1155471, at *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

Upon consideration, the Court finds and certifies that any appeal by Nguyen in this action would be without merit and therefore not taken in good faith. Accordingly, Nguyen is not entitled to appeal *in forma pauperis*.

### II. Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that Nguyen's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 508) is **DENIED** and that this action is **DISMISSED with prejudice**. It is further **ORDERED** that Nguyen is not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

Final judgment in accordance with this Order and Federal Rule of Civil Procedure 58 shall issue by separate document.[6]

**DONE** and **ORDERED** this the **19th** day of **February 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[6] See Sassoon v. United States, 549 F.2d 983, 984 (5th Cir. 1977) ("The time limits of Rule 4(a) [of the Federal Rules of Appellate Procedure ]run from the entry of the judgment or order appealed from. In the other contexts in which Rule 4(a) applies, Fed. R. Civ. P. 58 ordinarily dictates when a judgment can be considered effective, and the application of Rule 58 to section 2255 cases consequently seems appropriate as well."); United States v. Johnson, 254 F.3d 279, 283-85 (D.C. Cir. 2001) ("Several of our sister circuits have applied Rule 58 to § 2255 proceedings. Only the Second Circuit has declined to do so . . . We find ourselves in agreement with the bulk of the circuits and in disagreement with the Second . . . We therefore follow Rule 11's express direction to apply FRAP 4(a) to § 2255 appeals, and then follow FRAP 4(a)'s equally clear direction to apply Federal Rule of Civil Procedure 58 to determine when a judgment is entered and hence when the time for appeal begins.").