IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 09-00184-KD-B |
| | ) |
| THANH NGOC NGUYEN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Thanh Ngoc Nguyen's Motion for Reduction of Sentence and/or Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(B) and the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516; inmate records; letters in support; and the United States' response (docs. 570, 570-1, 573). Upon consideration, and for the reasons set forth herein, the Motions are DENIED.

I.   Background

In 2010, Nguyen, the lead defendant, and fourteen co-defendants were charged with conspiracy to possess with intent to distribute 3,4-Methylenedioxymethamphetamine (MDMA), commonly known as Ecstasy (Count One), possession with intent to distribute MDMA (Counts Two through Fifty-Five), use and carry a firearm during and in relation to a drug trafficking crime (defendant Truong L. Le) (Count Fifty-Six), forfeiture (Count Fifty-Seven), conspiracy to commit money laundering (Count Fifty-Eight), money laundering (Counts Fifty-Nine through Seventy-Three) and forfeiture (Count Seventy-Four) (doc. 6, superseding indictment).

Nguyen pled guilty to the two conspiracy charges (docs. 319, 334). He was sentenced to 240 months[1] as to Count One and 60 months as to Count Fifty-Eight, to serve concurrently (doc. 465). His conviction and sentence were affirmed on appeal (doc. 506). Nguyen's motion to vacate pursuant to 28 U.S.C. § 2255 was denied (docs. 522, 523). In 2015, his sentence as to Count One was reduced to 210 months pursuant to Amendment 782 to the United States Sentencing Guidelines (doc. 547).

Nguyen is now 39 years old and has served approximately 11 years, or 132 months, of his 210-month sentence. He is incarcerated at FCI Forrest City Low, in Forrest City, Arkansas and his release date is June 27, 2025. Nguyen tested positive for Covid 19 on April 30, 2020 (doc. 570, p. 8). His medical records indicate that the asymptomatic illness resolved and he was released from isolation June 4, 2020 (doc. 570-1, p. 8). At present, 134 inmates and 19 staff members have been diagnosed with Covid 19, and 602 inmates and 4 staff members have recovered. No deaths have been reported. https://www.bop.gov/coronavirus/ (last reviewed December 29, 2020).

### III.   Motion for Reduction of Sentence and/or Compassionate Release

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 729 (11th Cir. Feb. 25, 2020) (citing 18 U.S.C. § 3582(c)).

---

[1] Nguyen's sentencing guidelines range was 262 to 327 months (doc. 450, presentence investigation report). However, the statutory maximum was 20 years.

Nguyen asserts that his motion is brought pursuant to 18 U.S.C. § 3582(c)(1)(B), which states that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." He argues that the "First Step Act – Section D"[2] is the statute which expressly permits modification of his sentence.[3] He also argues that 18 U.S.C. § 3582(c)(1)(B) "contains no requirement that the reduction comport with U.S.S.G. § 1B1.10[4] or any other policy statement, and thus" his "eligibility turns only on the statutory criteria of each particular case" (doc. 570, p. 6-7).

Nguyen appears to raise this argument in an attempt to circumvent the requirement in 18 U.S.C. § 3582(c)(1)(A) that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission" (Id.). The evidence before the Court indicates that Nguyen could not meet any of the criteria in Policy Statement § 1B1.13, and therefore, his reduction could never be "consistent" with the Policy Statement. Thus, he tries to take his motion outside the parameters of 18 U.S.C. § 3582(c)(1)(A).[5]

---

[2] The Court could not ascertain what Nguyen means by "Section D". The First Step Act is divided into numeric sections.

[3] Nguyen cites to United States v. Holloway, 956 F. 3d 660 (2nd Cir. 2020) and United States v. Butler, 805 Fed. Appx. 365, 367 (6th Cir. 2020). The movants appealed the denial of motions filed pursuant to Section 404(b) of the First Step Act (doc. 570, p. 4, 7). In Butler, the Sixth Circuit explained "18 U.S.C. § 3582(c) permits a district court to modify a term of imprisonment under limited circumstances. In particular, § 3582(c)(1)(B) provides that a district court 'may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute.' The First Step Act provides such an express authorization, permitting a district court to 'impose a reduced sentence' upon a defendant's motion. § 404(b), 132 Stat. at 5222."

[4] Policy Statement § 1B1.10 applies to a reduction in sentence as a result of an amended guideline range. Policy Statement § 1B1.13 applies to reduction in sentence based on extraordinary and compelling reasons.

[5] Subparagraph (b) of Section 404, captioned "Application of the Fair Sentencing Act" states that a "court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence …" for certain crack cocaine offenses. In contrast, Section 603(b) captioned

However, 18 U.S.C. § 3582(c)(1)(A) provides for modification or reduction of a sentence i.e., compassionate release. Therefore, the Court will address Nguyen's motion as one brought pursuant to 18 U.S.C. § 3582(c)(1)(A). United States v. Brown, 748 Fed. Appx. 286, 287 (11th Cir. 2019) ("Courts are obligated to 'look behind the label' of pro se inmate filings to determine whether they are cognizable under 'a different remedial statutory framework.'") (quoting United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990)). Since Nguyen is 39 years old, only subparagraph (i) could apply. [6]

The compassionate release provision 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, provides that the district court "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the district court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

---

"Increasing the Use and Transparency of Compassionate Release" amended 18 U.S.C. § 3582(c)(1)(A) to allow the defendant to move for compassionate release. Thus, Section 603(b) does not provide separate, express statutory permission to file a motion.

[6] Subparagraph (ii) provides for a reduction of sentence when "the defendant is at least 70 years of age, has served at least 30 years in prison" and other factors are met. 18 U.S.C. § 3582(c)(1)(A)(ii).

Nguyen states that he "has met the exhaustion requirements for bringing a motion for relief under § 3582" (doc. 570, p. 7). He also provides a copy of his Inmate Request to Staff dated April 16, 2020 and the Warden's denial (doc. 570, p. 12-15).[7] The United States does not dispute that Nguyen's motion is properly before the Court (doc. 573, p. 9).

However, Nguyen has not shown extraordinary and compelling reasons that would warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling" reasons are not defined in the statute. Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Congress also stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Id.

Before the First Step Act was enacted, the Sentencing Commission promulgated the following policy statement, with criteria and examples:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; or . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

---

[7] Nguyen made his request to the Warden pursuant to the CARES Act and 18 U.S.C. § 3582(c)(1)(A).

The Application Notes to the Policy Statement includes four examples of extraordinary and compelling reasons for consideration of a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). The only example that could possibly apply is found in Application Note 1(D). [8] Under Application Note 1(D), the district court may consider "Other Reasons" if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id., cmt. n. (1)(D).

Since Nguyen has not alleged any reasons that meet the examples in Application Notes 1(A) – (C), his "extraordinary and compelling reasons" cannot act "in combination with" the reasons described in those examples (Id.). Therefore, the Court looks to whether Nguyen has shown extraordinary and compelling reasons "other than" those reasons described in Application Notes 1(A)–(C), subject to the limitation that these "other reasons" must be reasons as determined by the Director of the BOP.

In that regard, Nguyen argues that the Policy Statement has not been updated since the First Step Act was enacted in 2018, and therefore, the Court may "consider whether a sentence reduction is warranted for extraordinary and compelling reasons other than" the four categories identified in the Policy Statement (defendant's medical condition, age, family circumstance, and the catch-all provision for "any other reason that the BOP director determines to be extraordinary and compelling") (doc 570, p. 5).

---

[8] Nguyen does not allege that he has a terminal illness, a serious physical or medical condition or a serious functional or cognitive impairment, or that he is experiencing deteriorating physical or mental health because of the aging process, such that his ability to provide self-care in prison is substantially diminished. He does not allege that his family circumstances meet the criteria in Application Note 1(C), or that he meets the age requirement in Application Note 1(B) (at least 65 years old). U.S.S.G. § 1B1.13, cmt. n. 1(A), (B) & (C).

In other words, Nguyen asserts that since the Policy Statement has not been updated to acknowledge the capacity of a defendant to file the motion, the Court may disregard the criteria therein and make an independent determination (doc. 570, p. 7).  Nguyen argues that applying Application Note 1(D), which places the determination with the Director of the BOP as to other reasons, is not consonant with Congress' intent in passing the First Step Act - to increase the use and transparency of compassionate release - as shown by "giving prisoners direct access to the courts" (doc. 570, p. 6).

In its present version, Application Note 1(D) "leaves identification of other 'extraordinary and compelling reason[s]' to the Director of the Bureau of Prisons." United States v. Fox, No. 2:14-CR-03-DBH, 2019 WL 3046086, at * 3 (D. Me. July 11, 2019).  But now that the First Step Act allows the inmate to move for compassionate release without the BOP's support, it is unclear what "other" reasons can be relied upon for compassionate release.  However, the Court finds that until the Sentencing Commission amends its Policy Statement "those other extraordinary and compelling reasons should be comparable or analogous to what the Commission has already articulated as criteria for compassionate release." United States v. Fox, 2019 WL 3046086, at *3.

In support of his motion, Nguyen argues that he has "served more than 70 percent of his sentence", "undertaken significant steps toward rehabilitation", and "completed numerous courses offered by the BOP" (doc. 570, p. 8).  He also argues that "release is appropriate in response to the Covid-19 pandemic" and the "health and safety concerns posed by incarceration" (Id., p. 9).  Nguyen had been diagnosed with Covid-19 at the time of his motion.  His medical records indicate that the illness has resolved.

However, these reasons are not comparable or analogous to the examples in the Policy Statement. See United States v. Fox, 2019 WL 3046086, at *3. Moreover, Nguyen has not provided any evidence of lasting effects from Covid 19 or that he has a heightened risk of complications, should he contract the virus again. "Mere speculation concerning the risk of reinfection with the virus does not constitute a compelling reason for a sentence reduction." United States v. Taffe, 2020 WL 6700445, *4. (S.D. Fla. Nov. 2020) (citation omitted).

Also, the Policy Statement indicates that the "other reasons" should be consistent with reasons as determined by the Bureau of Prisons. See Bureau of Prison Program Statement 5050.50, Compassionate Release/Reduction in Sentence Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g). But PS 5050.50 does not indicate that fear of contracting Covid 19 is a reason for compassionate release. See Curry v. United States, No. CR 15-0137-WS, 2020 WL 5836551, at *2 (S.D. Ala. Sept. 30, 2020) ("Nothing in PS 5050.50 reflects a determination by the BOP that compassionate release may be appropriate based on an inmate's generalized fear of contracting COVID-19 in prison. As such, Curry is effectively urging this Court to find that his circumstances constitute an ''extraordinary and compelling reason' for § 3582(c)(1)(A) relief, even though doing so would not be within the scope of reasons determined by the BOP to be extraordinary and compelling and therefore would not be consistent with the Sentencing Commission's applicable policy statement.") (underlining in original).

IV.  Motion pursuant to the CARES Act

Nguyen also moves for release to serve the remainder of his sentence on home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516. Previously, the Bureau of Prisons had authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of

imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2) (as amended by the First Step Act of 2018, Pub. L. 115-391, Title I, § 102(b)(1), Title VI, § 602, 132 Stat. 5210, 5233, 5238) (effective Dec. 21, 2018). Additionally, the statute required that the Bureau of Prisons "to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." Id.

Under the CARES Act, effective March 27, 2020, the BOP Director was permitted to lengthen the maximum amount of time a prisoner may be placed in home confinement, in certain circumstances and during a specified period of time after the declaration of national emergency due to Covid 19, if the Attorney General found that emergency conditions would materially affect the functioning of the BOP. CARES Act, Pub. L. 116-136, § 12003(b)(2).[9]

On April 3, 2020, Attorney General William Barr made this finding and gave the Director authority to exercise this discretion. The Director was directed to "immediately review all inmates who have COVID-19 risk factors, as established by the CDC, starting with the inmates incarcerated at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated facilities where you determine that COVID-19 is materially affecting operations." Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020),

https://www.justice.gov/file/1266661/download

However, the CARES Act did not give the Court authority to grant motions to serve the remainder of a sentence on home confinement, or to direct or order the BOP to place a prisoner

---

[9] "Home Confinement Authority. During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." CARES Act, P.L. 116-136, § 12003(b)(2) (2020).

in home confinement. Instead, pursuant to 18 U.S.C. § 3621(b), the BOP "shall designate the place of the prisoner's confinement". Since the Court cannot grant the relief he seeks, Nguyen's motion is denied. See United States v. Allen, 2020 WL 2199626, at *1 (S.D. Ga. May 6, 2020) (finding that a "request for home confinement under the CARES Act is different from a reduction-in-sentence (RIS) request based upon compassionate release" and that the statutes which implement the CARES Act, 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541, "do not authorize a federal court to order the BOP to release a prisoner.").

**DONE** and **ORDERED** this 31st day of December 2020.

                                                **s / Kristi K. DuBose**
                                                **KRISTI K. DuBOSE**
                                                **CHIEF UNITED STATES DISTRICT JUDGE**